IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

PERRY LEE FLEMING,            )
                              )
        Petitioner,           )
                              )
v.                            )   CIVIL ACTION NO. 97-S-1385-NE
                              )
WARDEN ROY HIGHTOWER and      )
THE ATTORNEY GENERAL OF       )
THE STATE OF ALABAMA,         )
                              )
        Respondents.          )

### MEMORANDUM OF OPINION

Perry Lee Flemming filed a *pro se* petition for writ of habeas corpus on June 5, 1997, challenging the constitutionality of his murder, first degree theft of property, and first degree burglary convictions in Limestone County Circuit Court on January 13, 1992. Pursuant to the usual practices of this court, the matter was referred to a magistrate judge for preliminary review and recommendation. *See* 28 U.S.C. § 636(c) and United States District Court for the Northern District of Alabama Local Rule 72.1(b)(3).

An order requiring the respondents to show cause why the requested relief should not be granted was entered. They filed a response contending that the petition was time barred by operation of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner was informed by an order of October 2, 1997, that the response would be treated as a motion for summary judgment

pursuant to Rule 56 of the *Federal Rules of Civil Procedure*. He was further notified by the court of the application of Rule 11 of the *Rules Governing Section 2254 Cases* and *Hill v. Linahan*, 697 F.2d 1032 (11th Cir. 1983). He filed a response on October 22, 1997.

On May 21, 1998, the magistrate judge filed a "Report and Recommendation" in this case recommending that Flemming's petition for a writ of habeas corpus be dismissed with prejudice as it was barred by the AEDPA. *See* 28 U.S.C. § 2244(d). Petitioner was allotted fifteen (15) days to file any written objections to the magistrate judge's proposed findings and recommendation. No objections were filed.

On June 5, 1998, the petitioner filed a "Motion to Dismiss." In the motion he states:

1. Petitioner concedes with the Honorable Magistrate that he did fail to raise the issues in the state court, and,
2. The bar created by the "AEDPA" precludes this court form reviewing the issues presented.
3. That petitioner has been advised by an experienced jailhouse lawyer that jurisdictional issues are not barred by the state rules and that he still have [sic], or can have remedy in the state courts.

He requests that this court dismiss this action so he can pursue his state remedies. He presumably intends that the dismissal be without prejudice.

2

Upon *de novo* consideration of the entire record, including the "Magistrate Judge's Report and Recommendation," the court has reached an independent conclusion that the findings of fact and conclusions of law of the magistrate judge are due to be adopted and approved. The court hereby adopts and approves the findings and the recommendation of the magistrate judge as the findings and conclusion of the court. Accordingly, the petition for a writ of habeas corpus is due to be dismissed with prejudice. To grant the petitioner's "Motion to Dismiss," which, as the court noted, Flemming most likely intends to be without prejudice, would defeat one of the intentions of the AEDPA which was to accelerate the federal habeas process. *United Stats v. Van Poyck*, 980 F. Supp. 1108, 1110 (C.D. Cal. 1997). An appropriate order will be entered.

DONE this the 19th day of June, 1998.

UNITED STATES DISTRICT JUDGE